PURSELL *v.* O'NEILL.

PARTNERSHIP—ACCOUNTING.

> In suit for accounting in partnership business, decree entered
> by court below is affirmed, on appeal.

Appeal from Wayne; McPeek (Russell R.), J.,
presiding. Submitted April 20, 1933. (Docket No.
135, Calendar No. 37,186.) Decided May 16, 1933.
Rehearing denied August 29, 1933.

Bill by Mark M. Pursell against William H.
O'Neill and John E. O'Neill for an accounting of a
used-car business. Cross-bill by defendant John E.
O'Neill against defendant William H. O'Neill for
accounting. From decree rendered, all parties appeal.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*Friedman, Meyers & Keys* and *Howard J. Ellis*
(*Sylvan Rapaport,* of counsel), for defendant William H. O'Neill.

*Bernard L. Walsh,* for defendant John E. O'Neill.

SHARPE, J. In September, 1925, the defendant
William H. O'Neill bought out the interest of his
then partner, Bert Baker, in a used-car automobile
business. The valuation placed thereon was
$66,194.26, which included the good will of the business. On the 23d day of that month he entered into
an agreement with his brother, John E. O'Neill, the
defendant, and the plaintiff, under which they were
to work together in the business, each of the three

drawing salaries of $100 per week until William H. O'Neill should receive the said sum of $66,194.26 from the business, and thereafter the net profits should be equally divided among the three of them. It was to be conducted under the name of O'Neill Sales Company. John E. O'Neill continued with the business until December, 1927, and the plaintiff until October 24, 1930. Soon thereafter the bill of complaint herein was filed for an accounting and other relief.

While all of the parties appeal from the decree entered, there are but three items in dispute. The trial court allowed William H. O'Neill $7,000 for a loan made to the O'Neill Sales Company soon after the agreement was entered into. He disallowed a charge of $625 per month, rental for the first year, charged by William H. O'Neill as expense of operation, for the reason that he and Baker had paid such rent in advance and it was included in the valuation fixed upon the property. He also disallowed an item of $2,115 charged for repairs on the building occupied by the company, and which had been purchased by William H. O'Neill before such repairs were made. It will serve no useful purpose to discuss the evidence submitted relating to these items. In our opinion they were properly disposed of by the trial court.

As a result of the accounting, William H. O'Neill was ordered to pay the sum of $3,656.53 to the plaintiff and to the defendant John E. O'Neill. The decree providing therefor is affirmed. All of the parties having appealed, no costs will be allowed.

McDonald, C. J., and Clark, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.